IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**July 31, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LORRAINE SAUVE,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-402**   (Fam. Ct. Jefferson Cnty. Case No. FC-19-2017- D-285)

**GARY BUDD,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lorraine Sauve ("Wife") appeals the Family Court of Jefferson County's September 15, 2025, final contempt order finding the following: that the responsibility of Respondent Gary Budd ("Husband") to pay spousal support terminated upon his retirement in June 2022; Husband did not fail to pay $2,970 in equitable distribution; and Wife was entitled to the marital portion of Husband's federal pension, but she never filed the necessary documents to divide the marital portion of the federal pension. Husband filed a response in support of the family court's decision.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision affirming, in part, vacating, in part, and remanding for further proceedings is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties were married for nearly fifteen years when they divorced by Final Order of Divorce entered June 4, 2018. In this order, the family court cited the decision in *Cross v. Cross*, 178 W. Va. 563, 363 S.E.2d 449 (1987), and found that it "should disentangle the parties as part of equitable distribution," and that the "last option" would be a QDRO of a defined benefit pension plan. To equalize equitable distribution, the family court ordered Husband to pay the sum of $92,225 in installments to Wife by paying her $1,485 per month for seventy-two months, plus interest at the rate of five percent per annum. Also, the family court ordered Husband to pay spousal support in the amount of $400 per month for twelve months and then decreasing to $250 per month "likely to terminate upon Respondent/Husband retirement as Petitioner was awarded her present value interest in Respondent defined retirement plan as part of equitable distribution, to terminate either

---

[1] Both parties are self-represented.

1

upon the remarriage of the Wife or the death of either party, all subject to continuing judicial modification."[2]

On May 15, 2025, Wife filed a Petition for Contempt in which she alleged that Husband improperly ceased paying spousal support in August of 2022, and that he had failed to pay her $2,970 in equitable distribution. The parties appeared, self-represented, at the hearing held on the motion on June 16, 2025. The court found that Husband was more credible than Wife. Further, the court found that Husband had overpaid his spousal support obligation owed to Wife by making the payments for the months of June and July of 2022 and that after Husband retired, Wife was entitled to the marital portion of his federal pension. However, the court found that while Husband's non-ERISA pension plan entered pay status for the alternate payee (Wife) upon his retirement, Wife had failed to file the documents necessary to divide the marital portion of the pension. Finally, the family court found that Wife's petition did not state a prima facie ground for contempt, and, therefore, denied the petition. It is from this September 15, 2025, order that Wife now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Wife argues that the family court erred by finding that Husband paid her $2,970 in equitable distribution as he had been ordered. Further, Wife argues that the family court erred by finding that Husband's obligation to pay spousal support terminated upon his retirement.

In the 2018 final order of divorce, the family court ordered Husband to pay equitable distribution in the amount of $1,485.28 per month for seventy-two months. In her appeal, Wife contends that Husband failed to make two payments, totaling around $2,970, because

---

[2] Before signing this order, which was prepared by Husband's attorney at the time, the family court judge notified the parties that he wanted the order to reflect that spousal support was subject to continuing judicial modification and that it shall terminate upon Wife's remarriage or death of either party.

he sent these payments to the West Virginia Bureau for Child Support Enforcement ("BCSE"). Wife alleges that upon its receipt of these two payments, the BCSE returned them to Husband because it does not collect equitable distribution payments or enforce equitable distribution orders. Wife's appendix record contains a bank report reflecting the payments Husband made to her between May 1, 2018, and July 31, 2024. This statement indicates that seventy-two monthly payments of $1,485 were made to Wife, but two payments were not full payments. However, this report is incomplete given that payment number two is dated August of 2018, and the next payment in the report is payment thirty-five, dated May of 2021. Nonetheless, the report reflects that Husband paid Wife a total of $106,920. Husband included the full report in his appendix record, and it contains documentation of all seventy-two payments with no missing pages. Thus, to the extent the family court found that Husband made all the equitable distribution payments, Wife has not demonstrated that the family court erred. Accordingly, we affirm that portion of the family court's final order on appeal.

Wife next argues that pursuant to the family court's final order of divorce entered June 4, 2018, the court ordered that spousal support would terminate only upon her remarriage or at the death of either party. Therefore, Wife asserts that the family court erred in the order on appeal by finding that Husband's spousal support obligation terminated upon his retirement. Moreover, Wife argues that her share of Husband's pension was accounted for as part of equitable distribution; thus, she was not required to file documents to become an alternate payee when Husband retired. Wife asks that this Court reverse the September 15, 2025, order and to reevaluate her claims that Husband is in contempt for failing to pay her spousal support and the two equitable distribution payments.

We agree that the family court erred by finding that Husband's spousal support obligation terminated upon Husband's retirement. During the hearing on April 26, 2018, the court clearly awarded Wife the present value of Husband's pension as part of equitable distribution, and did not award Wife a share of Husband's pension when he retired. The court based its 2018 ruling, at least in part, on the Supreme Court of Appeals of West Virginia's ("SCAWV") decision in *Cross*. In *Cross*, the SCAWV recommended that courts should "disentangle" the parties as part of an equitable distribution award and advised that the least favored option to do so would be a QDRO of a defined benefit pension. The *Cross* Court held:

> [w]hen a court is required to divide vested pension rights that have not yet matured as an incident to the equitable distribution of marital property at divorce, the court should be guided in the selection of a method of division by the desirability of disentangling parties from one another as quickly and cleanly as possible. Consequently, a court should look to the following methods of dividing pension rights in this descending order of preference unless peculiar facts and circumstances dictate otherwise: (1) lump sum payment through a cash settlement or off-set from other available marital

3

assets; (2) payment over time of the present value of the pension rights at the time of divorce to the non-working spouse; (3) a court order requiring that the non-working spouse share in the benefits on a proportional basis when and if they mature.

Syl. Pt. 5, *Cross v. Cross* 178 W. Va. 563, 363 S.E.2d 449 (1987).

As part of the 2018 divorce, the family court disentangled Husband and Wife by awarding her the 2018 present value of Husband's pension in equitable distribution. Thus, the family court specifically avoided ordering that the pension serve as a means of providing Wife spousal support following Husband's retirement. Therefore, in the order on review, the family court erred by finding that Husband's pension "entered pay status for the alternate payee [Wife] upon [Husband's] retirement." Further, the family court erred by finding that Wife "never filed the documents necessary to divide the marital portion of the federal pension."

Upon our review of the record on appeal, we find that in the 2018 final order of divorce, the family court ordered Husband to pay Wife spousal support in the amount of $400 per month for the first twelve months, beginning in 2018. Thereafter, the court ordered Husband to pay Wife spousal support in the amount of $250 per month. The family court noted during the 2018 divorce hearing, and in the final order of divorce, that other than Social Security disability, Wife had no other earning ability. Further, in the 2018 divorce order, the family court did not order Husband's monthly spousal support obligation to terminate upon his retirement. Instead, the court found that Husband's spousal support obligation was "likely to terminate" upon his retirement, because spousal support is "subject to continuing judicial modification." Importantly, the family court specifically ordered that Husband's spousal support obligation would terminate "either upon the remarriage of the Wife or the death of either party," as evidenced by the family court judge's April 27, 2018, letter to counsel.

Therefore, we find that the family court abused its discretion by erroneously interpreting the 2018 final order of divorce. As such, this Court vacates those portions of the final order on appeal addressing Husband's spousal support obligation as discussed herein. However, we express no opinion as to the family court's disposition of the contempt petition on remand. "[O]ur State's highest court has consistently held that family courts are afforded significant deference, and appellate courts are not positioned to act as a fact finder." *Julia R. v. Paul J.*, No. 24-ICA-406, 2025 WL 2238541, at *4 (W. Va. Ct. App. Aug. 6, 2025) (memorandum decision) (internal citations and quotations omitted).

Accordingly, we affirm, in part, and vacate, in part, the September 15, 2025, final contempt order and remand this matter to the family court for further proceedings, if it deems such necessary. In the new order addressing Wife's contempt petition, the family court is instructed to make findings of fact and conclusions of law on whether Husband is

4

in contempt of court due to his failure to pay his spousal support obligation from August of 2022 to the present.

Affirmed, in part, Vacated, in part, and Remanded.

**ISSUED:** July 31, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White